# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| **BELINDA Y. BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:10-CV-1007 SNLJ** |
| | ) | |
| **KRAFT FOODS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

Plaintiff Belinda Y. Brown brought this *qui tam* action against defendant Kraft Foods,

Inc. ("Kraft"), alleging that Kraft violated the False Marking Statute, 35 U.S.C. § 292, which

imposes civil penalties for purposefully deceitful acts of marking articles with expired U.S.

patent numbers. This matter is before the Court on defendant's Motion to Dismiss Pursuant to

Rule 12(b)(6)[1], filed August 2, 2010 (#7). Responsive pleadings have been filed, and this matter

is now ripe for disposition.

## I.      Background

Plaintiff alleges that Kraft violated 35 U.S.C. § 292 by marking the packaging of its

Kool-Aid and Country Time brand drink mix products with expired design patent numbers (Nos.

---

[1]In its reply brief (#19) and in light of *Stauffer v. Brooks Brothers, Inc.*, 619 F.3d. 1321,
(Fed. Cir. 2010), defendant voluntarily withdrew the portion of its motion seeking dismissal
under Rule 12(b)(1). Defendant states that its withdrawal is without prejudice to later re-
asserting that argument (which is based on plaintiff's standing for this *qui tam* action). The
Court therefore  will not address defendant's Rule 12(b)(1) argument. Additionally, defendant
raised a constitutional challenge to the False Marking Statute in a notice of supplemental
authority on February 25, 2011 (#33). The Court will not address that challenge, however,
because the complaint will be dismissed on other grounds.

345,695 and 345,696 respectively).  Plaintiff alleges on information and belief that Kraft knew or reasonably should have known that the products it marked with those patent numbers were no longer covered by the expired design patents.  Plaintiff also alleges that Kraft "has marked and continues to mark its products with the '695 and '696 Patents for the purpose of deceiving the public into believing that its products are covered by the '695 and '696 Patents . . . in an attempt to prevent competitors from marking and selling the same or similar or competing products." Cmplt. ¶ 23-24.

## II.    Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).  A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003).  Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a petitioner must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice.  *Twombly*, 550 U.S. at 555 (internal citations

omitted).  "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).  Finally, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Id.* (quoting *Iqbal*, 129 S.Ct. at 1950).

## III.  Discussion

Recent authority from the United States Court of Appeals for the Federal Circuit aids this Court's analysis of defendant's motion to dismiss.  Because the False Marking Statute provides for liability where the defendant marked an "unpatented article" with the "intent to deceive," the Federal Circuit recently held that plaintiffs must plead those claims with the particularity required of fraud claims by Federal Rule of Civil Procedure 9(b).  *In re BP Lubricants USA Inc.*, No. 960, --- F.3d ---, 2011 WL 873147, *1 (Fed. Cir. March 15, 2011).

Moreover, since defendant filed its motion, a nearly identical complaint filed by the same plaintiff against a different defendant has been dismissed for failure to plead with the particularity required by Rule 9(b).  *See Brown v. Georgia-Pacific Consumer Prods., L.P.*, No. 4:10-cv-1005RWS, 2010 WL 4609393 (E.D. Mo. Nov. 5, 2010).  The same result is warranted here.

Rule 9(b) requires plaintiffs to plead "with particularity the circumstances constituting fraud or mistake." Plaintiff contends that she has done so, arguing that she has pleaded the "who, what, where, when, and how of the alleged fraud," as required by *Drobnak v. Andersen Corp.*, 561 F.3d 778 (8th Cir. 2009). That standard was also set forth in *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009). But the Federal Circuit also held in *Exergen* that pleadings must "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Id.* Indeed,

> A plaintiff is not empowered under the Rules "to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." Instead, a complaint must in the § 292 context provide some objective indication to reasonably infer that the defendant was aware that the patent expired.

*In re BP Lubricants USA Inc.*, 2011 WL 873147, at *3 (quoting *Iqbal*, 129 S.Ct at 1954)). In *BP Lubricants*, the plaintiff argued that asserting that the defendant is a "sophisticated company and has experience applying for, obtaining, and litigating patents" was enough under Rule 9(b), but the Court held that that "bare assertion" provided "no more of a basis to reasonably distinguish a viable complaint than merely asserting the defendant should have known the patent expired. Conclusory allegations such as this are not entitled to an assumption of truth at any stage in litigation." 2011 WL 873147, at *4.

Similarly, here the plaintiff contends that it alleged sufficient facts to show that Kraft had knowledge of its false marking by "alleg[ing] that: Defendant is a sophisticated business with experience with patents; that Defendant owns, or has licenses under, a substantial number of patents, and patent applications; and that Defendant has in-house or outside counsel responsible

4

for managing its intellectual property." (#14 at 9.)  But, as in *BP Lubricants*, those allegations do no more than allege Kraft should have known the patents expired.  They do not suffice to present specific facts from which this Court can infer Kraft knew the '695 and '696 Patents had expired. *See also Brown*, 2010 WL 4609393, at *2.

A district court may "freely give leave [to amend the pleadings] when justice so requires," Fed. R. Civ. P. 15(a)(2), and complaints dismissed under Rule 9(b) are "ordinarily" dismissed with leave to amend.  *In re BP Lubricants USA Inc.*, 2011 WL 873147, at *4 (quoting *In re Burlington Coat Factory Sec. Litigation*, 114 F.3d 1410, 1435 (3d Cir. 1997)).  As a result, the complaint will be dismissed without prejudice, and plaintiff will be granted 21 days in which to file an amended complaint.  If the plaintiff does not file an amended complaint in that time, the case will be dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss (#4), filed August 2, 2010, is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff is granted 21 days in which to file an amended complaint.  If the plaintiff fails to do so, this matter will be dismissed with prejudice.


Dated this ___28th___ day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE